**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4410**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

   v.

LLOYD BRIDGES WALLACE,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-cr-00135-BR-1)

Submitted: March 30, 2012      Decided: April 26, 2012

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Bridges Wallace pled guilty, pursuant to a plea agreement, to possession of stolen mail, in violation of 18 U.S.C. 1708 (2006) and aggravated identity theft, in violation of 18 U.S.C. 1028A (2006). He appeals the judgment entered after re-sentencing upon remand. In accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), Wallace's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court erred in failing to dismiss the aggravated identity theft count, in ordering Wallace to pay restitution to International, Inc., enhancing Wallace's sentence based on amount of loss, and whether counsel was ineffective in failing to argue the above issues at re-sentencing and in failing to raise changes in the aggravated identity theft statute in the Fed. R. Crim. P. 35(a) motion. Wallace filed a pro se supplemental brief raising similar challenges. The Government moved to dismiss Wallace's appeal based on his appellate waiver. For the following reasons, we dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). <u>United States v. Manigan</u>, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. <u>United States v. Blick</u>, 408

2

F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, a review of the record indicates that the district court fully complied with Rule 11 when accepting Wallace's plea and specifically reviewed the terms of his plea agreement with him, including his appellate waiver. Wallace does not attempt to challenge the voluntariness of his plea. Given no indication in the record to the contrary, we find that Wallace's waiver of appellate rights is valid and enforceable. Accordingly, we grant the Government's motion to dismiss Wallace's appeal of any issues covered by the waiver. These include all sentencing issues and the claim that the district court should have dismissed the aggravated identity theft count.

3

We find, however, that Wallace's appellate waiver does not prevent our review of his ineffective assistance of counsel claims. We therefore deny the Government's motion to dismiss Wallace's appeal as to these claims.

We affirm the judgment as to the ineffective assistance of counsel claims because ineffective assistance does not conclusively appear on the record. See Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (ineffective assistance claims are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance).

In accordance with Anders, we have reviewed the record in this case, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. This court requires that counsel inform Wallace, in writing, of his right to petition the Supreme Court of the United States for further review. If Wallace requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wallace. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>